UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERSKIN FELIX,

                          Plaintiff,

              -against-

NYS GOVERNOR KATHY HOCHUL;
DANIEL F. MARTUSCELLO, NYS D.O.C.C.S.
COMMISSIONER; CHRIS SUMMER, NYS
CORRECTION OFFICER & POLICE
OFFICER BENEVOLENT ASSOCIATION
PRESIDENT; MARILYN KUPP, SING SING
CORRECTIONAL FACILITY
SUPERINTENDENT; JOHN/JANE DOE,
CORRECTIONAL FACILITY LIEUTENANT;
JOHN/JANE DOE, CORRECTIONAL
FACILITY SERGEANT; C.O. JANE MILLER;
C.O. JANE BOONE; C.O. JANE JAMES; C.O.
JANE MONROE; C.O. JANE GREEN; C.O.
JANE BARNETT; C.O. JANE GARLAND;
C.O. JANE FORD; C.O. JANE LEWIS; C.O.
JANE CALDWELL; C.O. JANE CHANCE;
C.O. JANE WALKER; C.O. JANE VARGAS;
C.O. JANE SLATER; C.O. JANE
ENCARNACION; C.O. CELESTE RACHEL
JANNIERRE; C.O. JOHN DOE; MESSHALL
CIVILIAN COOKS; JOHN DOE/JANE DOE,

                          Defendants.

**ORDER OF SERVICE**

26-CV-02197 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Plaintiff, currently incarcerated at Sing Sing Correctional Facility ("Sing Sing"), brings this *pro se* action under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, alleging a series of a constitutional and statutory violations inside of Sing Sing during and immediately after the 2025 strike by officers of the New York State Department of Corrections and Community Supervision

("DOCCS"). By order dated April 6, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

Named as defendants are: (1) Governor Kathy Hochul; (2) DOCCS Commissioner Daniel F. Martuscello III; (3) Chris Summer, the President of the New York State Correction Officer & Police Benevolent Association ("NYSCOPBA"); (4) Marilyn Kopp, the Superintendent at Sing Sing; (5) Correction Officer Celeste Rachel Jannierre; (6) a John Doe corrections lieutenant and John Doe corrections sergeant; (7) 19 correction officers who had responsibilities inside of Sing Sing's B Block, where Plaintiff was confined during and after the strike, some of whom are identified by full name but most of whom are not; and (8) 10 unidentified Sing Sing mess hall civilian cooks. Plaintiff seeks $550 million in damages.

The Court directs service on Defendants Hochul, Martuscello, Summer, Kopp, and Jannierre.[2]

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[3] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] Prisoners are not exempt from paying the full filing fee ,even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

[2] At this time, the Court defers issuance of an order directing the Office of the New York State Attorney General ("NYAG"), under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), to identify the 30 defendants for whom Plaintiff does not provide a full name. The Court notes that all defendants named in this action may be entitled to representation by the NYAG. *See* N.Y. Pub. Off. L. § 17(2)(a).

[3] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Hochul, Martuscello, Summer, Kopp, and Jannierre through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses for these defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants Hochul, Martuscello, Summer, Kopp, and Jannierre.

If the summonses and complaint are not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to: (1) issue a summons for Defendants Hochul, Martuscello, Summer, Kopp, and Jannierre; (2) complete the USM-285 form with the address for these defendants; and (3) deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   May 5, 2026
         White Plains, New York

_____
       PHILIP M. HALPERN
     United States District Judge

3

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. NYS Governor Kathy Hochul
   New York State Governor's Office
   Executive Chambers, State Capitol
   Albany, NY 12224

2. Daniel F. Martuscello III
   NYS DOCCS Commissioner
   New York State Department of Corrections and Community Supervision
   The Harriman State Campus, Building #4
   1220 Washington Avenue
   Albany, NY 12226

3. Chris Summer
   President
   New York State Correction Office and Police Benevolent Association
   102 Hacket Boulevard
   Albany, NY 12209

4. Marilyn Kopp
   Superintendent
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562

5. Celeste Rachel Jannierre
   Correction Officer
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562